### LEONARD E. WALES vs. WILLIAM E. BARRATT.

*Quere*, as to the practice under *Dig.* 51, [*Code*, 371,] in proceedings against absconding debtors.

THIS was a proceeding under the act of 1770, (*Digest*, 51,) founded on an affidavit that the defendant was indebted in a sum not yet due, was about to leave the State and remove his goods, before the debt was due, and had refused to give better security. Upon this affidavit the plaintiff took out a capias, and the defendant was arrested and gave bail to the sheriff.

At the term, *Mr. Wales* moved for an order on the sheriff to produce the body of the defendant; when the question arose, what was meant by the act, which provides that the debtor shall be obliged to give better security for such debt. (*Digest*, 51; *Code*, 371.)

*The Court* said the proceeding was only to procure an appearance of the defendant to the suit; and in practice it had been regarded as entitling the plaintiff only to require special bail. The defendant put in special bail accordingly.

*Mr. Wales, sen.*, said it was not a case pending, in which special bail could be put in. The motion was to bring the party in, to show cause why an order should not be made on the debtor (not the defendant) to give better security for the debt. This was the plain requirement of the act.

*Mr. Rogers* referred to the case of *Burrows* vs. *Dumphy*, (2 *Harr. Rep.*, 308.)

*Mr. Wales* remarked with some asperity on the case referred to, as expressing a doubt whether the court would execute a law in its admitted terms.

*The Court* vindicated the remarks in that case, by saying that the doubt was expressed on the constitutionality of the law.

*Mr. Bayard* inquired if any practice had ever been known, which required a party to give security for the payment of a debt not due, and upon which not even suit could be brought.

*Mr. Johnson.*—What kind of security shall he be ordered to give? Suppose he cannot or will not give security; is he to be imprisoned and kept in jail for his inability to give security for a debt not due, and which may never be established; and on which moreover he could not be imprisoned, if the debt had been sued and reduced to judg-

ment? If that is to be the construction of the act, it puts a man in a better condition where his debt is not due, than if it were due.

*Mr. Rogers* referred to the date of the act, as being before the Constitution of the United States; and he thought its terms looked to security for payment of the money.

*The Court* was about to make an order for better security for the debt, when the parties compromised, the defendant putting in special bail and confessing judgment.

*Wales, sen.*, for plaintiff.

*Bayard, Johnson* and *Rogers*, for defendant.